UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHAN READOUS,

        Petitioner,

                                Case No.  2:14-cv-97

v.

                                HON. ROBERT HOLMES BELL

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER**

      This is a habeas corpus petition brought by a state prisoner under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Timothy Greeley, who issued a Report and Recommendation ("R&R") on July 21, 2016, recommending that this Court deny the petition. (ECF No. 9.) The matter is before the Court on Petitioner's objections to the R&R. (ECF No. 10.)

      This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Petitioner filed two objections. First, he objects to the Magistrate Judge's conclusion that counsel's performance was not deficient or prejudicial. Second, Petitioner objects to his offense-variable scoring. The Michigan Court of Appeals ruled on the merits of both.

## I. Standard of Review

When a petitioner's claim has been adjudicated on the merits in state court, § 2254(d) provides that a habeas petition shall not be granted unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the state-court proceeding.

28 U.S.C. § 2554(d)(1)-(2).

This Court may only consider the clearly established holdings of the Supreme Court when analyzing Petitioner's claim under § 2254(d). *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state-court decision may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law; (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision; (3) it unreasonably applies correct Supreme Court precedent to the facts of the case; (4) it unreasonably extends Supreme Court legal principles where it should not apply; or (5) it unreasonably refuses to extend Supreme Court legal precedent where it should apply. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 404-409 (2000)). This Court defers to state-court decisions when the state court addressed the merits of Petitioner's claim. *Harris v. Stovall*, 212 F.3d 940,

943 (6th Cir. 2000). The state court's factual findings are presumed to be correct but may be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has set forth a two-prong test to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Petitioner bears the burden of overcoming this presumption. *Id.* Moreover, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the review is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). A federal court must determine "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## II. Analysis

Petitioner argues that his trial counsel was constitutionally ineffective in three ways: (1) counsel failed to file a motion to suppress the victim's in-court identification which resulted from an unduly suggestive single-photo show up; (2) counsel failed to call an expert on cell-tower technology; and (3) counsel failed to request a DNA analysis on extension cords seized from the crime scene.

The factual findings of the Michigan Court of Appeals are presumed correct, and

3

Petitioner has not rebutted the findings with clear and convincing evidence. The Michigan Court of Appeals found that there were eight factors supporting an independent basis for the victim's identification, including a prior relationship with or knowledge of Petitioner, so any challenge would have been futile. (ECF No. 7-8, PageID.526.) It also found that, based on the facts in the record, there was no reason to believe that a cell-tower expert would have testified that Petitioner was not in Detroit when he called his sister or Jeffrey Monaghan. (*Id.* at PageID.526-27.) Finally, it found that Petitioner had not shown that his trial counsel's failure to request DNA testing was outcome-determinative. (*Id.* at PageID. 527.) The Michigan Supreme Court denied Petitioner's request to review the decision because it was "not persuaded that the questions presented should be reviewed by this Court." (ECF No. 7-9, PageID.740.)

The Michigan Court of Appeals properly identified and applied *Strickland*, and there is a reasonable argument that counsel satisfied *Strickland*'s deferential standard. Petitioner did not overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and he did not show that any of this would have changed the outcome of the trial. Given the extensive independent evidence in support of the in-court identification, counsel's failure to file a motion to suppress falls within the range of reasonable professional assistance. It also would not have changed the outcome of the trial because the motion would have been futile.

Petitioner also did not show that calling a cell-tower expert would have changed the outcome of trial. Based on the facts in the record, there is no reason to believe that the expert

would have testified that Petitioner was not in Detroit.  Therefore, the expert testimony would not have supported Petitioner's alibi defense.  In addition, Petitioner merely speculates that DNA could have been recovered from the crime scene, and that this evidence would have exonerated him.  This does not show that DNA evidence would have changed the outcome of trial.  Further, the Michigan Court of Appeals reasonably determined, in light of the evidence presented in the state-court proceeding, that Petitioner's ineffective assistance of counsel claims lacked merit.  Also, its decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law.  Thus, Petitioner's claims of ineffective assistance of counsel are without merit.

Petitioner also argues that the trial court improperly scored his offense variables.  This claim is based on state law, and Petitioner does not allege a constitutional violation.  Therefore, this claim is not cognizable under § 2254, and the Court will not consider it.

Although Petitioner disagrees with the Magistrate Judge's conclusion, Petitioner has not demonstrated that the conclusion was erroneous.  The R&R accurately recites the facts and correctly applies pertinent law.  The Court agrees with and adopts the Magistrate Judge's analysis of Petitioner's ineffective assistance of counsel claim.

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (ECF No. 10)

5

are **OVERRULED**.

      **IT IS FURTHER ORDERED** that the R&R (ECF No. 9) is **APPROVED** and **ADOPTED** as the opinion of the Court.

      **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.  28 U.S.C. § 2253(c).  Reasonable jurists would not disagree with the Court's conclusion that the claims are meritless.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

      A judgment will enter that is consistent with this order.


Dated: October 20, 2016                                            /s/ Robert Holmes Bell
                                                                         ROBERT HOLMES BELL
                                                                         UNITED STATES DISTRICT JUDGE